**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 14 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ESTATE OF BIBI AHMAD, individually, and on behalf of all others similarly situated, | No. 25-2746 |
|  | D.C. No. 8:23-cv-02303-MRA-DFM |
| Plaintiff - Appellant, |  |
| v. | MEMORANDUM* |
| UNITEDHEALTH GROUP INCORPORATED; UNITEDHEALTHCARE, INC., |  |
| Defendants - Appellees |  |

Appeal from the United States District Court
for the Central District of California
Monica Ramirez Almadani, District Judge, Presiding

Submitted July 10, 2026**
Pasadena, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and FITZWATER, District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Plaintiff Estate of Bibi Ahmad (the "Estate") appeals the dismissal with prejudice of its putative class action against Defendants UnitedHealth Group, Inc. and United Healthcare, Inc ("United defendants"). The Estate brought state law claims based on allegations that the defendants deceptively marketed Medicare Advantage plans. "We review de novo the district court's dismissal" of the complaint, "as well as [its] determination that a federal statute preempts state law claims." *Uhm v. Humana, Inc.*, 620 F.3d 1134, 1139–40 (9th Cir. 2010) (citation omitted). "We review the denial of leave to amend for an abuse of discretion, but we review the question of futility of amendment de novo." *See United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016). We affirm.

The district court properly concluded that the Estate's claims were preempted pursuant to the Medicare Act's express preemption provision for Part C Medicare Advantage. *See* 42 U.S.C. § 1395w-26(b)(3). Pursuant to this provision, a state law is preempted where "there is a relevant 'standard[ ] established under [Part C]' with preemptive effect." *Aylward v. SelectHealth, Inc.*, 35 F.4th 673, 680 (9th Cir. 2022) (alterations in original). Where "the standards established under Part C expressly prescribe the relevant duties of M[edicare] A[dvantage] plans[,] . . . those standards 'supersede' any state law duty that would impose obligations on M[edicare] A[dvantage] plans on that same subject." *Id.* at 681. Accordingly, the Part C preemption provision preempts both state laws that conflict with federal

25-2746

standards and state laws "that parallel[ ], enforce[ ], or supplement[ ] express standards established under Part C and its implementing regulation." *Id.* And "Part C's preemption provision applies to state law causes of action based on generally applicable laws." *Id.*

The Estate's claims against United defendants are preempted. Both the Part C statute itself and the Centers for Medicare and Medicare Services' ("CMS's") implementing regulations extensively prescribe duties for Medicare Advantage plans, including plan-related marketing and communications. *See, e.g.*, 42 U.S.C. § 1395w-21(h); 42 C.F.R. § 422.2262; *id.* §§ 422.2274(c)(7), (g). The Estate brings state law claims regarding allegedly misleading marketing materials and communications for a United Medicare Advantage plan. Such Medicare Advantage plan marketing and communications are subject to CMS approval and extensive regulatory oversight. *See id.* Accordingly, the Estate's claims are preempted. *See Uhm*, 620 F.3d at 1157–58; *Aylward*, 35 F.4th at 681 (explaining that Part C preemption applies so long as a federal standard exists regardless whether the state law claim is inconsistent with federal standard).

The Estate contends that its claims are not preempted because United defendants are not themselves Medicare Advantage plan organizations. Our decision in *Uhm* forecloses the Estate's argument. Medicare Advantage plan affiliates and third-party marketing organizations must "comply with all applicable

Medicare laws, regulations, and CMS instructions," and the Medicare Advantage organization is responsible for their compliance. 42 C.F.R. § 422.504(i)(4)(v); *id.* § 422.2274(g)(1). Although the Medicare Advantage organization may not be the marketer, the Medicare Advantage organization remains subject to requirements that it seek CMS approval for marketing materials about the Medicare Advantage plan and that communications related to the Medicare Advantage plan are compliant with governing law. As in *Uhm*, the Estate's claims here are preempted because its claims "against [United defendants] are entirely derivative of [their] relationship with" and marketing on behalf of a United Medicare Advantage organization. 620 F.3d at 1157–58.[1]

Finally, the district court did not abuse its discretion by denying the Estate leave to amend its complaint to more clearly allege that United defendants are not Medicare Advantage plans or Medicare Advantage organizations. The district court properly determined that such amendment would have been futile for the reasons explained above. *See G.B. by & through G.P. v. U.S. Env't Prot. Agency*, 172 F.4th 1042, 1065 (9th Cir. 2026). And the district court did not abuse its

---

[1] Although *Uhm* was a Medicare Part D action, Part D is governed by the same Part C preemption provision, 42 U.S.C. § 1395w–26(b)(3). *See* 42 U.S.C. § 1395w–112(g), *see also Uhm*, 620 F.3d at 1148. *Uhm* remains binding precedent and the panel has no cause to revisit *Uhm*'s interpretation of 42 U.S.C. § 1395w-26(b)(3) under *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). *See Uhm*, 620 F.3d at 1155 (expressly stating that CMS's interpretations "requir[ed] no deference").

discretion in denying leave to amend based on a distinct theory not presented to it. *See id.* at 1065 n.15.

**AFFIRMED.**